CLAUDIAN B. NORTHROP, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36828.   Promulgated March 5, 1930.

*Claudian B. Northrop, Esq.*, pro se.
*L. W. Creason, Esq.*, for the respondent.

### OPINION.

STERNHAGEN: Respondent determined a deficiency of $53.74 in petitioner's income tax for 1926, resulting from a recomputation of the earned income credit. Upon an earned net income of $19,798.61 respondent computed an earned income credit of $191.72. Petitioner demands a credit of $245.46, contending that his, and not the respondent's method of calculation, is in accordance with section 209, Revenue Act of 1926. A similar controversy as to 1924 was decided under the prior statute adversely to the present petitioner, *Claudian B. Northrop*, 17 B. T. A. 950, and there is no reason presented here for changing that conclusion or reaching a different conclusion under the 1926 Act.

The credit provided in section 209 (b) is too clear to admit of construction to promote an assumed intendment or legislative policy. The whole tax which would otherwise be imposed is to be credited with 25 per cent of " the amount of the tax which would be payable if his earned net income constituted his entire net income." If petitioner's " earned net income " were his entire net income, the amount of his tax would only be ascertained after applying the credits, under section 216, of $3,500 for being head of a family and $400 for each child—in his case $800. When such hypothetical tax is ascertained, 25 per cent thereof is the credit which reduces his income tax. This is what respondent has done.

The results of this application of the clear provisions of the statute, however curious they may sometimes be as suggested by peti-

tioner, are not within the power of the Board to prevent or overcome by a strained construction of the language used. Their consideration must be presumed to have occurred antecedent to the legislation and their contemplation must be deemed to be embodied in the statute. Nor is there sufficient doubt to call forth the rule of construction that dubious language of a tax law should be interpreted against the Government.

*Judgment will be entered for the respondent.*